**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY RONNELL PERKINS<br><br>     Plaintiff,<br><br>          v.<br><br>RIVERA,<br><br>     Defendant. | Case No. 1:24-cv-01497-KES-EPG (PC)<br><br><br>ORDER GRANTING, IN PART, JOINT STIPULATION REQUESTING REFERRAL TO ADR AND VACATE DEADLINES<br><br>(ECF No. 46) |

On May 13, 2026, the parties filed a Joint Stipulation Requesting Referral to Attend an Alternative Dispute Resolution Settlement Conference and to Vacate Deadlines. (ECF No. 46). The parties represent that a settlement conference may be beneficial and "jointly request that the Court refer this matter to a settlement conference before a magistrate judge not assigned to this case." (*Id.*). The parties also request that "the Court stay briefing on pending discovery issues, and vacate the deadlines for completing discovery and filing a dispositive motion." (*Id.*). If the case does not settle, "Defendants request that the Court reset the discovery completion deadline to a date at least thirty days after the settlement conference and the motion for summary judgment deadline at least sixty days after the new discovery cutoff date." (*Id.*).

Upon consideration, the Court will refer the parties to alternative dispute resolution for a settlement conference and stay the case pending the outcome of that settlement conference. Further, the Court will vacate the deadlines to complete discovery and to file a dispositive

1

motion. The Court will reset the deadline to complete discovery to a date at least thirty days after the settlement conference and the deadline to file a motion for summary judgment at least sixty days after the new discovery cutoff date.

The Court declines to stay briefing on pending discovery motions and instead will terminate the motions without prejudice. The Court has received four motions to compel, and it appears from the briefing that Defendant has supplemented his discovery responses at issue in those motions. Therefore, many, if not all, of the motions are moot. Thus, rather than having the motions remain pending, the Court will deny the motions without prejudice and will reset a deadline for filing motions to compel if the settlement conference is not successful.

Accordingly, **IT IS ORDERED**:

1.  The Court REFERS this matter to ADR. This action is STAYED until the completion of the settlement conference to allow the parties an opportunity to engage in meaningful settlement discussions. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.

2.  Defense counsel is directed to contact Courtroom Deputy Felicia Navarro (fnavarro@caed.uscourts.gov) within 30 days with potential dates for a settlement conference. After defense counsel contacts Deputy Navarro, the Court will issue an order that includes the date of the conference and the Magistrate Judge who will oversee the conference. That order may also include procedures required by that Judge.[1]

3.  If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

4.  All deadlines for completing discovery and filing a dispositive motion are VACATED and will be reset if the settlement conference is unsuccessful.

---

[1] The undersigned will not be the Magistrate Judge overseeing the settlement conference.

5.  Plaintiff's motions to compel (ECF Nos. 29, 30, 32, 37) are DENIED without prejudice. The Court will reset a deadline for filing motions to compel if the settlement conference is not successful.

6.  The parties must keep the Court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* L.R. 182(f).

IT IS SO ORDERED.

Dated:   **May 14, 2026**                   /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE