UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RONNELL PERKINS,<br>Plaintiff,<br>v.<br>I. RIVERA,<br>Defendant. | Case No. 1:24-cv-01497-KES-EPG (PC)<br>ORDER VACATING STAY AND AMENDING SCHEDULING ORDER<br>(ECF Nos. 27, 47)<br>Motions to Compel: **November 30, 2026**<br>Non-expert Discovery: **January 8, 2027**<br>Dispositive Motions: **March 5, 2027** |

On May 14, 2026, the Court granted, in part, the parties' joint stipulation requesting referral to ADR and vacating deadlines. (ECF No. 47). The Court referred the matter to ADR and stayed the matter until completion of the settlement conference. (*Id.* at 2). All deadlines for completing discovery and filing a dispositive motion were vacated, to be reset if the settlement conference was unsuccessful. (*Id.*). The Court declined to stay briefing on then-pending discovery motions and instead terminated the motions without prejudice. (*Id.*).

The parties participated in a settlement conference on October 28, 2026. The case did not settle. Accordingly, the Court vacates the stay of proceedings. (ECF No. 47).

The Court now amends its October 6, 2025 initial Scheduling Order (ECF No. 27) through the filing of any dispositive motions. The requirements of the initial Scheduling Order (*id.*) remain in effect unless amended below.

## I. NON-EXPERT DISCOVERY DEADLINE

The deadline for the completion of all non-expert discovery is **January 8, 2027**. As described in the Court's initial Scheduling Order (*id.*), this deadline includes all written discovery

requests and responses. Any written discovery request must be made so that the opposing party is allowed the entire amount of time allotted for response by this deadline.

## II. MOTIONS TO COMPEL

The parties have until **November 30, 2026**, to file motion(s) to compel further discovery responses. Motions to compel can be used to challenge failure of a party to respond to a discovery request, failure to produce documents on the basis of privilege, or failure to produce privilege log. The motion(s) should include a copy of the request(s) and any response to the request(s) at issue.

## III. DISPOSITIVE MOTIONS DEADLINE

The deadline for filing dispositive motions, including motions for summary judgment (other than dispositive motions based on the defense of failure to exhaust administrative remedies), is **March 5, 2027**. The deadline to file oppositions to dispositive motions, including motions for summary judgment, is **thirty days** from the date the motion is filed. The deadline to file replies to oppositions is **fourteen days** from the date the opposition is filed.

If Defendant files a motion for summary judgment, Defendant shall simultaneously provide Plaintiff with the notice and warning required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). In addition to the language suggested by *Rand* in Appendix A of that opinion, *id.* at 962, this notice must also include a short and plain statement of the Local Rule 260 requirements and be titled "This Notice is Required to be Given to you by the Court."

The parties are also advised of the following requirements regarding motions for summary judgment contained in the Local Rules:

> (a) Motions for Summary Judgment or Summary Adjudication. Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).
>
> (b) Opposition. Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The

> opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. *See* L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

Local Rule 260(a)–(b).

If Defendant files a motion for summary judgment, the accompanying Statement of Undisputed facts shall contain an additional blank column titled "Plaintiff's Response and Supporting Evidence," which Plaintiff may use to respond to each fact. Here is an example of a format Defendant may follow:

| Number | Undisputed Material Fact | Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|---|
| 1. | On X date, Plaintiff was confined at X institution. | X Decl. ¶ 20. | |
| 2. | The X incident alleged in the complaint happened on X date. | X interrogatory response. | |
| 3. | Plaintiff saw Dr. Y on X date. | Y Decl. ¶ 45. | |

Plaintiff may use Defendant's Statement of Undisputed Facts to comply with requirements of Local Rule 260(b), which requires the responding party to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." For example, Plaintiff may complete it as follows:

| Number | Undisputed Material Fact | Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|---|
| 1. | On X date, Plaintiff was confined at X institution. | X Decl. ¶ 20. | *Admitted.* |
| 2. | The X incident alleged in the complaint happened on X date. | X interrogatory response. | *Denied. Pl. deposition at 2:4–6.* |
| 3. | Plaintiff saw Dr. Y on X date. | Y Decl. ¶ 45. | *Admitted.* |

## IV. FURTHER DATES AND DEADLINES

If this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines,[1] a pretrial conference, pretrial deadlines, and a trial date.

Additionally, within fourteen days after a final ruling on any dispositive motion, if the case proceeds, Defendant shall confer with Plaintiff and file a report indicating each party's position on whether a settlement conference would be productive.

## V. EFFECT OF THIS ORDER

**The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed. Fed. R. Civ. P. 16(b)(4).**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **October 29, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[1] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide their expert disclosures at any time. Such disclosures must conform with Federal Rule of Civil Procedure 26(a)(2)(B)-(C).